# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTIAGO A. RODRIGUEZ,<br><br>Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | Case No.: 3:11-CV-1635-BTM-JMA<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)** |

Plaintiff's counsel, Denise Bourgeois Haley ("Counsel" or "Ms. Haley"), has applied for an award of attorney's fees pursuant to section 206(b) of the Social Security Act, 42 U.S.C. § 406(b). The request is based on Ms. Haley's representation of Plaintiff before this Court pursuant to a contingent-fee agreement. (Doc. 16.) For the reasons set forth herein, the Court **GRANTS IN PART** and **DENIES IN PART** the motion for attorney's fees.

## I. BACKGROUND

Denise Bourgeois Haley of the Law Offices of Lawrence D. Rohlfing represented Plaintiff in this case. (Haley Decl. ¶¶1-5, Ex. 1.) In October 2011, this Court remanded the case for further administrative proceedings pursuant to the parties' joint motion, pursuant to 42 U.S.C. § 405(g) (Doc. Nos. 9, 10). On remand, an Administrative Law Judge found Plaintiff disabled as of February 2, 2006, and Plaintiff was awarded past-due benefits of $114,878.92. (Doc. 16-2.)

-1-

The Court thereafter reopened the case and entered judgment in favor of Plaintiff. (Docs. 12, 13.)

On September 30, 2014 the Court granted the parties' joint motion for an award of attorney fees paid by the government under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $900.00 (Doc. No. 18). Counsel now seeks a fee award pursuant to 42 U.S.C. § 406(b)(1)(A), which permits an award of fees from the benefits received by Plaintiff. In accordance with the contingent fee agreement, Counsel seeks an order awarding $4,000.00 in fees and requiring her to refund to Plaintiff the $900.00 in EAJA fees previously received by counsel.

## II. STANDARD

42 U.S.C. § 406(b)(1) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

When evaluating a request for a contingent fee under § 406(b), courts must first look to the contingent-fee agreement, then test it for reasonableness. Gisbrecht v. Barnhart, 535 U.S. 789, 808 (2002). The following factors, alone or in combination, may warrant a reduction: (1) the result achieved; (2) "substandard representation"; (3) delay by counsel; and (4) whether "the benefits are large in comparison to the amount of time counsel spent on the case," thereby resulting in a windfall. Id. at 805; see also Crawford v. Astrue, 586 F.3d 1142, 1151-53 (9th Cir. 2009).

### III. DISCUSSION

Plaintiff signed a 25% contingent fee agreement, the maximum allowed by 406(b). (Doc. 16-1.) In this case, that amounts to $28,719.73. Plaintiff's counsel seeks a fee of $4,000, 3% of the past due benefits.

The Court believes that a reduction of the requested fee is warranted. Plaintiff's counsel claims that the award is for 6.4 hours counsel expended before the District Court. However, upon examining the time records, it appears that the total time spent on the case before the District Court was 4.6 hours, with 1.5 of the hours billed by the attorney and 3.1 hours billed by a paralegal. This is a case where the benefits awarded, $114,878.92, are very large compared to the minimal amount of time counsel spent on the case.

The Court concludes that the windfall created by the disparity between the size of the award and the amount of time counsel spent on the case justifies a reduction of the award by $2,000. Accordingly, the Court awards attorney's fees in the amount of $2,000.

### IV. DISPOSITION

The motion for attorney's fees is **GRANTED IN PART** and **DENIED IN PART**. The Court awards attorney's fees to Denise Bourgeois Haley in the amount of $2,000. Counsel shall reimburse Plaintiff $900, the amount paid by the government under the EAJA.

**IT IS SO ORDERED.**

DATED: October 20, 2014

BARRY TED MOSKOWITZ
CHIEF JUDGE
UNITED STATES DISTRICT COURT